PER CURIAM.
We have for review a final workers’ compensation order awarding temporary partial disability and wage loss benefits to the claimant. We reverse.
The judge of compensation claims found that the claimant was entitled to temporary partial disability benefits based on the claimant’s good faith job search and the fact that he was under temporary work restrictions during the relevant periods. The judge of compensation claims also determined that the claimant had permanent work restrictions as a result of his work injury and met his burden of proof in establishing that his wage loss claimed was the result of his com-pensable injury. The employer/carrier correctly assert that the claimant failed to present competent, substantial evidence that any of his medical complaints or his work restrictions were the result of the industrial accident.
Dr. Jones, an orthopedic surgeon, made no objective findings during his treatment and testified that claimant reached maximum medical improvement with 0% impairment and could return to work without restrictions. Although Dr. Jones noted that the physical therapist imposed a restriction of not lifting or carrying more than 50 pounds, Dr. Jones stated that this was a common sense restriction and that no one should attempt to carry 50 pounds more than 100 feet. Dr. Jones imposed various lifting restrictions during the course of his treatment prior to the date of maximum medical improvement, but Dr. Jones was not asked whether these restrictions or the claimant’s subjective complaints were causally related to the industrial accident. Dr. Narushka, a chiropractor, indicated in office notes that claimant had a 3.5% impairment. Dr. Narushka’s notes, however, do not indicate that the impairment was causally related to the industrial accident and he was not deposed. The claimant’s lay testimony was insufficient to establish a causal relationship in this case. Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA 1988).
REVERSED.
ZEHMER, C.J., BARFIELD, J., and SHIVERS, J., Senior Judge, concur.